### 4819.　BALLARD *v.* DANIEL *et al.*

1. There is no merit in the motion to dismiss the bill of exceptions on the ground that the assignments of error are insufficient.
2. Though the allegations and assignments of error in the petition for certiorari were not very clearly or intelligently set forth, they were not so indefinite or unintelligible as to require a dismissal of the certiorari.

DECIDED SEPTEMBER 23, 1913.

Certiorari; from Morgan superior court—Judge Park. March 8, 1913.

*M. C. Few,* for plaintiff.　*E. H. George,* contra.

HILL, C. J. 1. This was a foreclosure of a laborer's lien. The fi. fa. issued thereon was levied upon certain property to which a claim was interposed. On the trial of the claim case in the justice's court, the justice found in favor of the claimant. The plaintiff sued out a writ of certiorari, and in the superior court the judge dismissed it on the ground that the assignments of error complained of were insufficient and defective. When the case was called for argument in this court a motion was made to dismiss the bill of exceptions because "it does not specify plainly the decision complained of and the alleged error; its assignments of error are insufficient in law; it is confused, incoherent, and unintelligible, and fails to present clearly any statement of the rulings of which it seeks to complain, and the matters which transpired in the court below."

The assignments of error are as follows: (1) that the court erred in not disposing of the traverse filed as to the truth of the answer of the magistrate whose judgment was the subject-matter of the complaint; (2) "that the court erred in dismissing said certiorari upon the ground that the errors complained of were in-

sufficiently assigned, which assignment of error was as follows: 'That the court erred in passing the order dismissing said levy and said laborer's lien upon all the grounds as therein stated, which said order is as follows: "After argument had, after all of the evidence of the plaintiff was introduced, on motion of the claimant's attorney, it is ordered that said levy be dismissed on the grounds that the evidence fails to show that the contract of labor was completed or that the plaintiff was forced to abandon her contract of labor, or that she had fully settled with her employer, the defendant in .fi. fa., with the cotton picked to the date of said levy. In open court, this the 12th day of Dec. 1910. E. H. Prince, J. P."' To which errors of the court in passing said order as aforesaid on the 8th day of March, 1913, dismissing said petition for certiorari and disallowing the same, plaintiff says was error, and to said error of the court she then excepted and now excepts and assigns the same as error, upon all of the grounds as stated in the original petition for certiorari and as hereinbefore in this bill of exceptions stated fully." While the assignments of error are not very aptly or clearly stated in the bill of exceptions, we think they are sufficient to furnish all the necessary information for this court; and the motion to dismiss is, therefore, overruled.

2. We think that the judge of the superior court erred in dismissing the certiorari on the ground that petition failed to set out any sufficient assignments of error, or to inform the court as to what transpired in the magistrate's court on the trial of the case. The assignments of error contained in the petition for certiorari may be briefly stated as follows: After stating the character of the case, it is alleged, that the judgment was adverse to the petitioner, and, being dissatisfied therewith, she (petitioner) brings her petition for certiorari within thirty days after the final determination of said case, and then proceeds plainly and distinctly to set forth what occurred on the trial of the case and the errors complained of. "Petitioner, being plaintiff in laborer's lien, tendered issue and issue was joined, whereupon the claimant moved the court to dismiss said lien foreclosure upon the ground that it did not distinctly set forth that the contract had been fully performed; whereupon petitioner offered the following amendment: 'And now comes the affiant in case of Rosa Lee Ballard v. C. F. McDonald and amends her affidavit in said matter, and for cause

of amendment says: The non-performance of the contract to a finish was caused by breach of the contract on the part of C. F. McDonald refusing to deliver to her part of the crops as marketing said crop, and Charlie Daniel, the claimant in said matter, to do the same; which amendment was allowed by the justice in said matter without objections.'" The petition then states that evidence therein set forth was introduced, and that after the conclusion of the evidence, the following order was passed by the magistrate: "After all the evidence for the plaintiff was introduced, on motion of the claimant's attorney it is ordered, that said levy be dismissed on the ground that the evidence fails to show that the contract for labor was completed or that the plaintiff was forced to abandon her said contract of labor, or that she had fully settled with her employer, the defendant in fi. fa., with the cotton picked to the date of said levy." Petitioner assigned the following error: "That the court erred in passing the order dismissing said levy and said laborer's lien upon all of the grounds as therein stated." The assignments of error are somewhat confused, but we think that they are sufficiently specific, and that the judge of the superior court erred in dismissing the certiorari on the ground that the assignments were not sufficiently definite and specific.

We think further that the judge should have submitted to the jury the traverse to the answer of the magistrate, and should also have passed upon the assignments of error upon their merits.

*Judgment reversed.*